IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON GUNN                                                                          PETITIONER

V.                                                          CASE NO. 1:13-CV-513-KS-MTP

E.L. SPARKMAN                                                                    RESPONDENT

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Jason Gunn's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and on Respondent E.L. Sparkman's Motion to Dismiss [7] the Petition for failure to exhaust state court remedies. Having considered the parties' briefs, case record, and applicable law, the undersigned finds that the Petitioner's claims have not been fairly presented to the highest state court as required under § 2254(b)(1)(a), and, therefore, the motion to dismiss should be granted.

### Facts and Procedural History

Jason Gunn, proceeding *pro se* and *in forma pauperis*, filed his Petition [1] for Writ of Habeas Corpus on February 21, 2013, challenging two Rules Violations Reports ("RVRs") written against him and the punishment imposed for the violations. Gunn is a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. He received the RVRs while housed at SMCI.

In his petition, Gunn alleges that on December 29, 2011, a prison officer searched his living area and found a cellular telephone and marijuana in the ceiling area above his bed. Doc. [1] at 5, 7. As a result, Gunn received two RVRs, lost trusty status, and lost 6 months of earned time credit. *Id*. at 7. Gunn argues that the RVRs were not supported by

substantial evidence, and he petitions the Court for an order expunging them from his record, restoring his earned time credits, and returning him to trusty status. *Id*. at 14.

The RVRs issued to the Gunn state that an officer found 14 individually wrapped packets of marijuana and one cellphone on a beam above Gunn's bed to which only he had access. Docs. [7-1][7-2]. Gunn completed the Administrative Remedy Program ("ARP"), but was denied relief. Doc. [1] at 7-8; Docs. [7-1][7-2][7-3][7-4][7-5][7-6].

On August 27, 2012, Gunn filed a complaint pursuant to 42 U.S.C. § 1983 in this Court, challenging the RVRs. *See Gunn v. Epps*, No. 3:12-cv-601-CWR-LRA (S.D. Miss. Jan. 13, 2013). The case was ultimately dismissed as frivolous and for failure to state a claim.

Following the dismissal of his § 1983 lawsuit, the Petitioner filed the instant habeas petition. E.L. Sparkman, the Respondent in this matter, filed a motion to dismiss [7] the petition on April 19, 2013. The Respondent argues that the grounds raised in the petition have never been raised in the highest state court and, therefore, are barred from federal review. In response to the motion, Gunn challenges the RVRs written against him by contending that they are not supported by substantial evidence. Doc. [9]. He does not respond to the failure to exhaust argument.

The petition and motion have been fully briefed by the parties, and this matter is ripe for a ruling.

## Legal Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") and case law interpreting it provide the standards under which the petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (stating that the AEDPA applies to federal habeas

corpus petitions filed on or after April 24, 1996).  As a preliminary matter, applicants must exhaust all state remedies before seeking federal habeas relief.  Title 28 U.S.C. § 2254 provides, in relevant part, that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i)  there is an absence of available State corrective process; or
>>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  *Byron v. Epps*, 518 F. App'x 243, 251 (5th Cir. 2013); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  "The longstanding exhaustion requirement is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003).

To satisfy the exhaustion requirement under § 2254(b)(1)(A), a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to act on the claims.  *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982).  A claim is exhausted "when the substance of the federal habeas claim has been

fairly presented to the highest state court." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). If a claim is fairly presented to the highest state court on direct appeal or in post-conviction proceedings, it will be deemed exhausted "even if the state court fails to address the federal claim," *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004), or if the federal claim is not fairly presented but the state court addresses it *sua sponte*. *Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004). The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Nobles*, 127 F.3d at 420.

The record indicates that the Petitioner never presented his claims concerning the RVRs, earned time credit, or loss of trusty status to the Mississippi Supreme Court. Further, it appears he has not even attempted to raise his claims in any state court.

On May 25, 2012, the Petitioner received his ARP second step response. Doc. [7-4] at 11. The form states that he "fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response." *Id*. Under Mississippi law, any prisoner "who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure…may, within thirty (30) days after receipt of the agency's final decision seek judicial review of the decision." Miss. Code Ann. § 47-5-807. The Petitioner signed an acknowledgment of receipt of the second step response on May 31, 2012, and again on February 3, 2013. Docs. [7-5][7-6]. Yet, he never filed a complaint in state court, and it appears that the time to do so has expired.

The Petitioner only presented his claims regarding the RVR, loss of earned time, and loss of trusty classification to this Court. First, he filed a § 1983 action. *See Gunn v. Epps*,

No. 3:12-cv-601-CWR-LRA (S.D. Miss. Jan. 13, 2013). One month after that case was dismissed, he filed the instant petition. Doc. [1]. To satisfy the exhaustion requirement, "a petitioner must have fairly presented the substance of his claim to the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001). Because the Petitioner has not given the Mississippi Supreme Court a fair opportunity to act on his claims, he fails to satisfy the exhaustion requirement. *See Nobles*, 127 F.3d at 420 ("[P]rocedural default...occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."). Thus, the claims are procedurally defaulted.

Despite the procedural default, however, this Court may still consider the merits of the Petitioner's claims if he demonstrates that there is either: (1) cause and actual prejudice," or (2) a fundamental miscarriage of justice. *See Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004) ("[A] court may resurrect a defaulted claim, and consider its merits if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To show "cause and actual prejudice," a habeas petitioner must prove that an external impediment prevented him from raising the defaulted claims. *Bagwell*, 372 F.3d at 756 (citing *Coleman*, 501 U.S. at 753). "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. "As for prejudice, the petition must show 'not merely that the

errors...created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) (quoting *Murray v. Carrier,* 477 U.S. at 493 (1986)). To show a fundamental miscarriage of justice, a petitioner must show "that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

In the case herein, the Petitioner does not even attempt to argue that either exception to the exhaustion requirement applies. He only argues that there was insufficient evidence to support the RVRs and that prison officials violated their own policy by disciplining him. *See* Doc. [9]. The record does not indicate that an external impediment prevented the Petitioner from raising his defaulted claims in state court. Further, the petition does not show that he is innocent of the violations listed in the RVRs. As the Petitioner did not exhaust his claims in state court or show there is reason to excuse the procedural default, his claims are procedurally barred and cannot be considered by this Court.

## RECOMMENDATIONS

Based on the above analysis, the undersigned recommends that the Respondent's Motion to Dismiss [7] be granted and that the Petition [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part,

the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

THIS the 30th day of January, 2014.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE